ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

```
OLIVER C. LOADHOLT, et al.,      )
                                 )
          Plaintiffs,[1]         )
                                 )
     v.                          )    CV 309-057
                                 )
BRIAN OWENS, Commissioner of the )
Department of Corrections, et al.,)
                                 )
          Defendants.            )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Oliver C. Loadholt, an inmate at Telfair State Prison in Helena, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On August 21, 2009, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 3, p. 4). Plaintiff failed to respond.

On September 25, 2009, the Court granted Plaintiff ten (10) additional days to comply with the terms of the Court's August 21, 2009 Order. (See doc. no. 4). Once again,

---

[1] While Plaintiff has purported to act on behalf of other hepatitis patients allegedly being denied medical care (see doc. no. 1, p. 5), he has simply listed "Oliver C. Loadholt, et al." as plaintiffs in this action.

Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's August 21, 2009 Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned repeatedly that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 15th day of October, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2